_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED
MAR 19 2007 DJ
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOM WHALEY individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MENU FOODS, a foreign corporation, THE IAMS COMPANY, a foreign corporation, DOG FOOD PRODUCERS NUMBERS 1- 50 and CAT FOOD PRODUCERS 1- 40,<br><br>Defendants. | No. CV7 0411M<br><br>CLASS ACTION COMPLAINT |



07-CV-00411-CMP

Plaintiff Tom Whaley, by and through his undersigned attorneys, Myers & Company, P.L.L.C., brings this civil action for damages on behalf of himself and all others similarly situated against the above-named Defendants and complains and alleges as follows:

## I. NATURE OF ACTION

1.1 Mr. Whaley brings this action as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased any dog or cat food



MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

Dockets.Justia.com

which was produced by any of the above-named defendants and/or has had a dog or cat become ill as a result of eating the food.

1.2 The defendants are producers and distributors of, *inter alia*, dog and cat food. Menu Foods produces dog and cat food under familiar brand names such as Iams, Eukanuba and Science Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such as Wal-Mart, Kroger and Safeway.

1.3 Dog and cat food which the defendants produced has caused an unknown number of dogs and cats to become ill and die.

1.4 To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat food which are causing dogs and cats to become ill. All recalled food to date is of the "cuts and gravy wet" style.

1.5 As a result of the Defendants' actions Mr. Whaley and other Class members have suffered emotional and economic damage.

## II. PARTIES

2.1 Plaintiff Tom Whaley has at all material times been a resident of Ontario, Oregon.

2.2 Defendant Menu Foods is, upon information and belief, a corporation organized under the laws of Canada which transacts business in Washington State and Oregon State.

2.3 Defendant The Iams Company, is upon information and belief, a foreign corporation which transacts business in Washington State and Oregon State.

## III. JURISDICTION AND VENUE

3.1 Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds



MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

$75,000.00. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.2 Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because the Defendants systematically and continuously sold their product within this district and Defendants transact business within this district.

## IV. CLASS ACTION ALLEGATION

4.1 Mr. Whaley brings this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and a Plaintiff Class (the "Class") composed of all persons who purchased any dog or cat food which was produced by the defendants and/or has had a dog or cat become ill as a result of eating the food. Mr. Whaley reserves the right to modify this class definition prior to moving for class certification.

4.2 This action has been brought and may be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

a. The Class is ascertainable and there is a well-defined community of interest among the members of the Class;

b. Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The identity and exact number of Class members is unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu Foods has identified 50 dog foods and 40 cat foods which may be causing harm to pets.

c. Mr. Whaley's claims are typical of those of other Class members, all of whom have suffered harm due to Defendants' uniform course of conduct.

d. Mr. Whaley is a member of the Class.



MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

e. There are numerous and substantial questions of law and fact common to all of the members of the Class which control this litigation and predominate over any individual issues pursuant to Rule 23(b)(3). The common issues include, but are not limited to, the following:

i. Did the defendants make representations regarding the safety of the dog and cat food they produced and sold?

ii. Were the defendants' representations regarding the safety of the dog and cat food false?

iii. Did the defendants' dog and cat food cause Mr. Whaley and other Class members' pets to become ill?

iv. Were Mr. Whaley and other Class members damaged?

f. These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class;

g. Mr. Whaley will fairly and adequately protect the interests of the Class in that Mr. Whaley has no interests that are antagonistic to other members of the Class and has retained counsel competent in the prosecution of class actions to represent himself and the Class;

h. Without a class action, the Class will continue to suffer damage, Defendants' violations of the law or laws will continue without remedy, and Defendants will continue to enjoy the fruits and proceeds of their unlawful misconduct;

i. Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if



MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

any, Class members could afford to seek legal redress individually for the wrongs Defendants have committed against them;

j. This action will foster an orderly and expeditious administration of Class claims, economies of time, effort and expense, and uniformity of decision;

k. Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Class claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendants' common liability, the Court can efficiently determine the claims of the individual Class members;

l. This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not he only) available means by which members of the Class can seek legal redress for the harm caused them by Defendants.

m. In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of their wrongful conduct.

4.3 The Claims in this case are also properly certifiable under applicable law.

## V. STATEMENT OF FACTS

5.1 Plaintiff Tom Whaley was the owner of a female cat named Samoya.

5.2 Mr. Whaley purchased Iams brand cuts and gravy wet-style cat food from Wal-Mart for Samoya to consume.

5.3 Samoya ate the Iams brand cuts and gravy wet-style cat food between December 2006 and February 2007.



MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

5.4 Samoya became extremely ill and Mr. Whaley took her to a veterinarian who informed him that Samoya had suffered kidney failure, also known as acute renal failure. Samoya had to be euthanized.

5.5 In March 2007 Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food which had caused dogs and pets to become ill. One common symptom in the sick animals was kidney failure, also known as acute renal failure.

5.6 The Iams brand cuts and gravy wet-style cat food that Samoya consumed between December 2006 and February 2007 is one of the brands that Menu Foods recalled.

5.7 As a result of Defendants' acts and omissions Mr. Whaley and other Class members have suffered emotional and economic damage.

## VI. CAUSES OF ACTION

A. Breach of Contract

6.1 Plaintiff realleges all prior allegations as though fully stated herein.

6.2 Plaintiff and Class members purchased pet food produced by the defendants based on the understanding that the food was safe for their pets to consume.

6.3 The pet food produced by the defendants was not safe for pets to consume and caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of contract.

6.4 As a result of the breach Plaintiffs and Class members suffered damages which may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it.



MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

B. Unjust Enrichment

6.5 Mr. Whaley realleges all prior allegations as though fully stated herein.

6.6 Defendants were and continue to be unjustly enriched at the expense of Mr. Whaley and other Class members.

6.7 Defendants should be required to disgorge this unjust enrichment.

C. Unlawful, Deceptive and Unfair Business Practices

6.8 Mr. Whaley realleges all prior allegations as though fully stated herein.

6.9 Defendants' sale of tainted pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and similar statutory enactments of other states (including consumer protection and consumer sales practice acts).

6.10 Defendants' sale of hazardous pet food has the capacity to deceive a substantial portion of the public and to affect the public interest.

6.11 As a result of Defendants' unfair or deceptive acts or practices Mr. Whaley and other class members suffered injuries in an amount to be proven at trial.

D. Breach of Warranties

6.12 Mr. Whaley realleges all prior allegations as though fully stated herein.

6.13 Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

6.14 Defendants' conduct as described herein constitutes breach of an implied or express warranty of affirmation.

6.15 Defendants' conduct as described herein constitutes breach of an implied warranty of merchantability.



MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

6.16 Defendants' conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose.

6.17 As a proximate result of the aforementioned wrongful conduct and breach, Mr. Whaley and other class members have suffered damages in an amount to be proven at trial. Defendants had actual or constructive notice of such damages.

E. Negligent Misrepresentation

6.18 Mr. Whaley realleges all prior allegations as though fully stated herein.

6.19 Defendants owed Mr. Whaley and class members a duty to exercise reasonable care in representing the safety of its dog and cat foods.

6.20 Defendants falsely represented that its dog and cat food was safe for consumption by dogs and cats.

6.21 In reality, defendants' dog and cat food caused dogs and cats to become ill and, in some cases, to die.

6.22 Mr. Whaley and class members reasonably relied on the information provided by Defendants regarding the safety of its dog and cat food.

6.23 As a proximate cause of Defendants' false representations Mr. Whaley and other Class members suffered damages in an amount to be proven at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, Mr. Whaley and Class members request that the Court enter an order of judgment against Defendants including the following:

A. Certification of the action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class Representatives and their counsel of record as Class Counsel;



MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

B. Actual damages (including all general, special, incidental, and consequential damages), statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the states having a legally sufficient connection with defendants and their acts or omissions) and such other relief as provided by the statutes cited herein;

C. Prejudgment and post-judgment interest on such monetary relief;

D. Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendants as a result of the unfair, unlawful and/or deceptive conduct alleged herein;

E. Other appropriate injunctive relief;

F. The costs of bringing this suit, including reasonable attorneys' fees; and

G. Such other relief as this Court may deem just, equitable and proper.

DATED this 19th day of March, 2007.

MYERS & COMPANY, P.L.L.C.

Attorneys for Plaintiffs and Class members

By: /s/ Michael David Myers

Michael David Myers
WSBA No. 22486
Myers & Company, P.L.L.C.
1809 Seventh Avenue, Suite 700
Seattle, Washington 98101
Telephone: (206) 398-1188
Facsimile: (206) 400-1112
E-mail: mmyers@myers-company.com